Nott, J.,
delivered the opinion of the court:
The court regards the cause of action on which the suit is brought as a very meritorious one, but has nevertheless carefully considered the objections which have been raged against a recovery. The Government employed the late Mr. Mellen as its legal adviser and attorney to collect a debt; it held out to him the fact that the indebtedness was for a very large amount, $77,304.98; it entered into an agreement with him providing that his compensation should be a percentage on the amount recovered and that he shoidd bear the expenses incident to collection ; it allowed him to make disbursements to a large amount, and it discharged him from its service with no real or alleged fault on his part, and when he had made substantially all the arrangements which resulted in'thé Government receiving ah of the indebtedness really owing, $52,899.79. It is therefore very clear that the claimant should recover unless there be some technical defect in or impediment to her case.
There are only three objections raised which need be spoken of.
The first is that all of the money received by the Government upon the indebtedness due to it was in' fact paid after Mr. Mel-len went out of the case, and therefore that he did not collect any of the debt. This is true if it be-taken in an absolutely literal sense. Mr. Mellen, having had absolute discretion given as to the manner in which he would prosecute or collect a claim against the estate of a deceased paymaster, succeeded in effecting an amicable arrangement, accompanied with most ample security, whereby the parties in possession of the estate should discharge the indebtedness by installments. The first installment under this agreement was payable on the 1st July, 1869. On the 29th June Mr. Mellen was dismissed by the Secretary of the Treasury. All of the indebtedness was, however, paid by the parties in the manner provided by the agreement, and the Government *84 did nothing whatever toward collecting the debt except receiving the money. The case is precisely as if Mr. Mellen had elected to bring an action against the estate, and after it had been successfully prosecuted by Mm as attorney to judgment and execution issued, the Government should have dismissed their attorney and received the money made on the execution directly from the sheriff. No one would assume to say in such a case that, because the attorney was discharged before the sheriff paid over the money, the attorney did not collect it within the true intent and meaning of the contract. The court perceives no substantial distinction between the two cases, and is entirely satisfied that here there was a substantial performance of the contract, and that its termination by the Secretary of the Treasury relieved Mr. Mellen from no'subsequent duty or expense which can enter into or affect the measure of damages.
The second objection is that the contract upon which the suit rests expressly provided that the Secretary of the Treasury might at any time terminate it, in which event he was to “ award andqmj” to Mr. Mellen such compensation “as shall he just and equitableand hence that the rate of compensation is not necessarily that fixed by the agreement. A sufficient answer to this objection is that the court has found as a fact that the amount deduced from the compensation of the contract is a reasonable compensation for the services apart from the rate fixed by the •'agreement. In other words, if the court stand in the place of the Secretary and the recovery be restricted to quantum meruit, the result would be the same.
The third objection is that the cause of action has been the subject of accord and satisfaction.
In 1870, the Government being indebted to Mr. Mellen for various legal services rendered under another contract, having no relation to those which form the subject of this action, Mr. Mellen rendered to the Secretary of the Treasury a specific account therefor, showing a balance due to him of $7,756.57. There followed certain negotiations between the Secretary and Mr. Mellen, personally, which ended in the latter addressing to the former from New York a written communication, in which he says that he had determined to accept the Secretary’s verbal offer to pay him $6,000, in compromise and settlement of the balance claimed by him on the account rendered under that contract of July 17,1865; and he adds: “You will; therefore, please *85 cause the same to be sent to me in check on the city as soon as yon can conveniently, and this letter may thereupon be taken as a full release and discharge of all claims under the said account or under the said contract
So far, there had not been the slightest reference between the parties to any other services or to any other contract; but the Secretary, five days later, indorsed upon the account his approval “ at $6,000, on the terms and conditions specified in the within memorandum,” and by the same indorsement referred the matter to the First Auditor “/or examination and settlement”; and the memorandum thus referred to stated that the $6,000 “is hereby allowed in full of all claims and demands upon the Government under the aforesaid contract or any other contract with the said Mellen,” and said.letter is hereby accepted as a full release and discharge by said Mellen of all indebtedness whatsoever from the United States to hiin.” No notice of this memorandum was given to Mr¡ Mellen, and, on the contrary, drafts were sent to him in New York in the manner requested by his letter before quoted.
If this case were to be tried at nisi prius, it would, we think, be indisputable that this memorandum of the Secretary should be excluded from the jury till knowledge or notice of it was brought home to the other party. It is equally clear, we think, now that the memorandum was ex parte, amounting at most to a direction to a subordinate officer to procure a general release before paying the money. Manifestly it was impossible for the • Secretary, by a private memorandum, to extend Mr. Mellen’s specific release of one indebtedness to a “full release of all indebtedness whatsoever.” An official memorandum of a Secretary is not a matter of record of which the public or persons dealing with the department are bound to take notice; it is not open to the inspection of the public, nor would a party be at liberty to go and examine it as a matter of right. Accord and satisfaction or compromise is a matter of agreement, and is to be liberally construed and carefully upheld; but a person accepting payment under a compromise does not do so at the peril of relinquishing a distinct debt which has not entered into his voluntary agreement.
The judgment of the coxu’t is that the claimant recover of the defendants the sum of $4,500.